KAREN L. LOEFFLER
United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. |
| | ) | |
| Plaintiff, | ) | COUNT 1: |
| | ) | VIOLATION OF THE LACEY ACT |
| vs. | ) | Vio. of 16 U.S.C. § 3372(a)(2)(A) and |
| | ) | 16 U.S.C. § 3373(d)(2) |
| RANDALL GOZA, | ) | |
| | ) | COUNT 2: |
| Defendant. | ) | VIOLATION OF THE LACEY ACT |
| | ) | Vio. of 16 U.S.C. § 3372(a)(1) and 16 |
| | ) | U.S.C. § 3373(d)(2) |

I N F O R M A T I O N

The United States Attorney charges that:

GENERAL ALLEGATIONS

1. The Noatak National Preserve lies south of the Brooks Range and encompasses approximately 6.7 million acres. The Noatak was declared a National Preserve (NP) in December, 1980. Due to its remoteness, pristine habitat and wildlife populations, the Noatak Basin is a designated UNESCO International Biosphere Reserve.

2. Hunting is permitted in the Noatak Preserve and all hunters are required to follow state and federal regulations. At all times relevant to this Information the Alaska Department of Fish and Game (ADFG) designated the Noatak NP as being within Game Management Unit (GMU) 23.

3. At all times relevant to this Information, any non-Alaska resident hunters intending to hunt brown bear or moose within GMU 23 were required to apply for and receive a draw permit from ADFG.

4. Hunters holding hunting licenses, permits and associated big game locking tags are required to accurately and truthfully report specific information on big game animals they hunted for and/or killed to ADFG.

5. The Kugururok River, a tributary of the Noatak River, lies entirely within the confines of the Noatak NP.

6. The Kelly River, a tributary of the Noatak River, lies entirely within the confines of the Noatak NP.

7. Defendant RANDY GOZA is a resident of the state of Alaska and was qualified as, and held the position of Assistant Guide under Alaska law.

8. Uncharged Co-defendant A is a resident of Mississippi.

9. Uncharged Co-defendant B is a resident of the state of Mississippi.

10. Uncharged Co-defendant C is a resident of the state of Mississippi.

## RELEVANT LAW AND REGULATIONS

11. Section 3372(a)(1) of the Lacey Act makes it unlawful for any person to transport, sell, receive, acquire, or purchase any wildlife taken, possessed, transported or sold in violation of any law, treaty, or regulation of the United States.

12. Section 3372(a)(2)(A) of the Lacey Act makes it unlawful for any person to transport in interstate commerce, any wildlife taken in violation of any law or regulation of any State.

13. Section 3372(c)(1) of the Lacey Act states it is deemed to be a sale of wildlife in violation of this chapter for a person for money or other consideration offers or provides guiding, outfitting or other services.

14. Section 3372(c)(2) of the Lacey Act states it is deemed to be a purchase of wildlife in violation of this chapter for a person to obtain for money or other consideration guiding, outfitting or other services.

15. Section 3372(d)(2) of the Lacey Act make it unlawful for any person to make or submit any false record, account, or label for any fish, wildlife, or plant which has been, or is intended to be, transported in interstate commerce.

16. Title 36, Code of Federal Regulations 13.40(d)(2) makes it unlawful to take wildlife on lands designated as National Preserve lands except by authorized hunting and trapping activities.

17. Title 36, Code of Federal Regulations 5.3 makes it unlawful to engage in or solicit any business on lands administered by the National Park Service without a permit.

18. Title 36, Code of Federal Regulations 5.5(a) makes it unlawful to film any television production on lands administered by the National Park Service which involves the use of professional casts, settings, or crew without first obtaining written permission from the Superintendent in accordance with the provisions of the special regulations contained in part 5, subtitle A, title 43, Code of Federal Regulations.

19. Title 43, Code of Federal Regulations 5.1(a) makes it unlawful to make a television production on an area administered by the National Park Service by any person other than amateur or bona fide newsreel and news television photographers and soundmen, unless written permission has been obtained from the National Park Service.

20. Title 36, Code of Federal Regulations 13.40(d)(2) makes it unlawful to hunt on a national preserve in violation of either Federal or non-conflicting State laws or regulations.

State of Alaska Laws and Regulations

21. Alaska Statute Title 8, Chapter 54.720(a)(9) states it is unlawful for a person without a current registered guide-outfitter license to knowingly guide or represent to be a registered guide-outfitter.

22. Alaska Statute Title 11, Chapter 56.210 states a person commits the crime of unsworn falsification if, with the intent to mislead a public servant in the performance of a duty, the person submits a false written or recorded statement which the person does not believe to be true, (1) in an application for a benefit or, (2) on a form bearing notice, authorized by law, that false statements made in it are punishable, i.e. a hunting license, bear sealing certificate, furbearer sealing certificate, big game tag record.

23. Alaska Statute Title 16, Chapter 5.330(a)(2) makes it unlawful for a person to hunt without having the appropriate license or tag in actual possession.

24. Alaska Statute Title 16, Chapter 5.340(a)(15) makes it unlawful for a nonresident to take a big game animal without previously purchasing a numbered, non-transferable, appropriate tag issued under this paragraph. The tag must be affixed to the animal immediately upon capture and must remain affixed until the animal is prepared for storage, consumed or exported.

25. Alaska Statute Title 16, Chapter 5.407(a) requires that a non-resident hunter must be accompanied by a registered big game guide or a relative who is related to the non-resident hunter within and including the second degree of kindred, by marriage or blood in order to hunt brown bear.

26. Alaska Statute Title 16, Chapter 5.420(a) states a false statement of a material fact in an application for a license, tag, or permit voids the license, tag, or permit for which the application is made.

27. Alaska Statute Title 16, Chapter 5.420(c) makes it unlawful for a person to whom a license or tag has been issued may not loan or transfer the license or tag. A person may not use a license or tag that has been issued to another person.

28. Title 5, Alaska Administrative Code, Chapter 92.140(a) makes it unlawful to possess, transport, give, receive, or barter game or parts of game that the person knows or should know were taken in violation of Alaska Statute Title 16 or a regulation adopted under Alaska Statute Title 16.

29. Title 5, Alaska Administrative Code, Chapter 92.085(8) prohibits hunting for big game the same day airborne.

30. In order to lawfully hunt for brown bear in GMU 23, uncharged Co-defendant B would be required to possess the appropriate permits as well as purchasing the appropriate locking big game tags from ADFG.

31. With respect to Count 1 of the Information, uncharged Co-defendant B, after being flown same day airborne by RANDALL GOZA shot and killed a brown bear the same day he was airborne, without being accompanied by a registered big game guide as required, without the appropriate ADFG draw permit and without the required non-resident brown bear locking tag.

## COUNT 1

32. Paragraphs 1-31 are incorporated herein.

33. On or about September 13, 2010, in the Kugururok River drainage, within the Noatak NP, in the State and District of Alaska and elsewhere, RANDALL GOZA fly a non-resident hunter and lead a stalk on wildlife, to wit, one brown bear, which, in the exercise of due care, RANDALL GOZA should have known was taken, possessed and transported in violation of Alaska state laws, in that uncharged Co-Defendant B killed the bear without being accompanied by a registered big game guide, the same day he was airborne, and without possessing the appropriate ADFG draw permit or the required brown bear tag.

34. Uncharged Co-defendant A, a resident of Mississippi, was fraudulently claiming to be a resident of Alaska. Uncharged Co-defendant C, also a resident of

Mississippi, applied for and received the appropriate ADFG draw permit to hunt brown bear and then purchased the required non-resident brown bear tag. All of this was predicated and made possible by uncharged Co-defendant A's fraudulent claim of residency and uncharged Co-defendant C's second degree of kindred relationship to uncharged Co-defendant A.

35. Furthermore, uncharged Co-defendant B permitted uncharged Co-defendant A to unlawfully place uncharged Co-defendant A's fraudulently obtained non-resident tag on the brown bear, claiming the bear as being taken by uncharged Co-defendant B, as second degree of kindred to uncharged Co-defendant A. Uncharged Co-defendant B later reported this bear kill as his own to ADFG. RANDALL GOZA knew that uncharged Co-defendant B's hunt was illegal under Alaska law.

36. All in violation of Alaska Statute Title 16, Chapter 5.330(a)(2) (no tag in possession), Alaska Statute Title 16, Chapter 5.340(a)(15) (failure to purchase non-resident tag), Alaska Statute Title 16, Chapter 5.408(a) (not accompanied by a registered guide), Alaska Statute Title16, Chapter 5.420(c) (using someone else's tag) and Title 5, Alaska Administrative Code, Chapter 92.085(a) (same day airborne).

37. All in violation of Title 16, United States Code, §§ 3372(a)(2)(A) and 3373(d)(2).

## COUNT 2

38. Paragraphs 1-31 are incorporated herein.

39. On or about September 12, 2008, in the Kelly River drainage, within the Noatak NP, in the State and District of Alaska and elsewhere, RANDALL GOZA did

transport uncharged Co-defendant C, his father, same day airborne for the take of a Dall sheep, which, in the exercise of due care, RANDALL GOZA should have known was taken, possessed and transported in violation of Alaska state laws, in that RANDALL GOZA flew uncharged Co-defendant C same day airborne and then assisted uncharged Co-defendant C in the take of a Dall sheep ram. RANDALL GOZA thereafter transported uncharged co-defendant C and the illegally taken Dall sheep ram was transported from the kill site back to a base camp, with the Dall Sheep ram hide subsequently being transported to Wasilla, Alaska for taxidermy.

40. Video footage of this kill was taken, along with promotional video segments, for use in uncharged Co-defendant A's television show.

41. In violation of Title 36, Code of Federal Regulations 13.40(d)(2). All in violation of Title 16, United States Code, §§ 3372(a)(1) and 3373(d)(2).

DATED this 14th day of September, 2015, at Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

s/ Steven E. Skrocki
STEVEN E. SKROCKI
Assistant U.S. Attorney