KAREN L. LOEFFLER
United States Attorney

STEVEN E. SKROCKI
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: Steven.Skrocki@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RANDALL GOZA<br><br>Defendant. | ) No. 4:15-cr-00022-RRB-SAO<br>)<br>)<br>)<br>) **PLEA AGREEMENT**<br>)<br>)<br>)<br>)<br>)<br>) |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

I. **TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS**

A. **Terms of Agreement**

The defendant Randall Goza agrees to plead guilty to Count 2 of the Information in this case charging him with a misdemeanor violation of the Lacey Act. As to Count 2, Randall Goza is charged with aiding in the illegal take of a Dall sheep ram within the Noatak National Preserve (NP) the same day he was airborne.

The parties agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) that they will recommend the defendant receive a sentence that consists of the following: a plea of guilty to Count 2 of the Information and a fine of $25,000 and the payment of restitution to the Noatak National Preserve in the amount of $12,000 for the illegally taken Dall Sheep. In addition, the parties agree that five years of probation is an appropriate sentence with the express condition that the defendant not hunt wildlife worldwide, nor be in the field with anyone hunting wildlife worldwide, for the five year term beginning on the date the sentence is imposed. As part of this agreement, the defendant expressly agrees not to file with the court a petition for early termination of probation. In exchange for the foregoing, Count 1 of the Information will be dismissed.

The United States agrees not to prosecute the defendant further for any other offense(s) arising out of the subject of the investigation. The parties are free to

make any other sentencing recommendations consistent with this agreement. Any agreements the parties have on sentencing recommendations and guideline applications are set forth in Section III. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the pleas.

    **B.**    **Federal Rule of Criminal Procedure 11**

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(B) will control this plea agreement. Under the terms of this Agreement, the parties may not withdraw from this Agreement if the Court deviates from the sentencing recommendations made by the parties as outlined in this Agreement in Section III.

    **C.**    **Waiver of Claim for Attorney Fees and Costs**

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

**II.**    **CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE**

    **A.**    **Charges**

The defendant agrees to plead guilty to Count 2 of the Information in this case charging him with aiding in the illegal take of a Dall sheep ram within the Noatak

U.S. v. Randall Goza
4:15-cr-00022-RRB-SAO
Page 3 of 15

Case 4:15-cr-00022-RRB   Document 22   Filed 12/16/15   Page 3 of 15

NP by acting as pilot for the hunter who took the sheep the same day he had been airborne. All in violation of 16 U.S.C. §§ 3372(a)(1) and (a)(2)(A) and 16 U.S.C. § 3373(d)(2).

B. **Elements**

The elements of the charges to which the defendant is pleading guilty are as follows: KTF 12/09/15

As to Count 2 (handwritten over 1), the Lacey Act, Illegal Take of Dall Sheep:

1) The defendant, piloted a non-resident hunter in the unlawful take a Dall sheep ram within the Noatak National Preserve the same day the hunter had been airborne,

2) and thereafter unlawfully transported the Dall sheep ram from the Noatak National Preserve to Wasilla, Alaska,

3) when, in the exercise of due care the defendant knew or should have known that the illegal take of the Dall Sheep Ram same day airborne and transport of the Dall sheep ram from the Noatak National Preserve was in violation of federal and state laws.

C. **Factual Basis**

The defendant admits the truth of the allegations in Count 2 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the

imposition of the sentence for Count 2.

## COUNT 2 – ILLEGAL TAKE OF DALL SHEEP 2011

On or about September 2, 2011, Randall Goza flew his father Terry Goza around the Noatak National Preserve hunting for Dall sheep and using Randall Goza's personal airplane. Clark Dixon was in another airplane also hunting for a Dall sheep for Randall Goza's father, Terry Goza, to shoot. A large ram was spotted from the air. Both aircraft landed the aircraft near the base of the mountain and with Clark Dixon, Terry Goza and Randall Goza exiting the aircraft.

Randall Goza, Terry Goza and Clark Dixon hiked up the mountain and stalked to within several hundred yards of the ram. Terry Goza shot at the ram multiple times. Randall Goza also shot at the ram. Clark Dixon video recorded the attempted take. Terry Goza placed a shot that killed the ram. Clark Dixon took video footage of the hunt for use on his television hunting show and commented to Randall Goza about editing the date to make it appear the hunt occurred a day later. Randall Goza and Clark Dixon transported the ram off of the mountain to Randall Goza's aircraft where he transported the ram in his airplane from the kill site to a camp run by Clark Dixon within Noatak NP. The horns and cape of the ram were transported to Randall Goza's home where it was stored and or displayed.

//

D.  **Statutory Penalties and Other Matters Affecting Sentence**

1.  **Statutory Penalties**

The statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Count 2, Lacey Act

1) up to 1 year incarceration;

2) a maximum $100,000 fine;

3) a $25 mandatory special assessment; and

4) one year of supervised release or 5 years probation.

2.  **Other Matters Affecting Sentence**

a.  **Conditions affecting the defendant's sentence**

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the

supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### E. Forfeiture/Abandonment/Restitution

Randall Goza agrees to forfeit/abandon the Dall sheep ram referred to in Count 2 of the Information. The plea agreement also calls for the payment of $12,000 in restitution to the Noatak National Preserve for the illegally taken Dall sheep.

### III. ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant

is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

**B.     Guideline Application Agreements**

The parties have no agreements on any guideline applications unless set forth below in this section.

   **1.     Acceptance of responsibility**

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

**C.     Sentencing Recommendations**

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Under this agreement, the United States and the defendant will recommend to the court the following sentence: five years of probation with an express condition of a five year ban on hunting worldwide, nor

accompanying anyone in the field who is hunting, worldwide, which is to begin on the date the sentence is imposed, and a fine of $25,000, along with restitution to the Noatak National Preserve for the illegally taken Dall Sheet in the amount of $12,000.

## IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

-- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

-- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

-- The right to object to the composition of the grand or trial jury;

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

-- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial -- the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

-- The right to confront and cross-examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

-- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

-- The right to contest the validity of any searches conducted on the defendant's property or person.

B. **Appellate Rights**

The defendant waives the right to appeal the convictions resulting from the entry of guilty pleas to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes – including forfeiture (if

applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

### C.    Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting convictions and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes.   The only exceptions to this collateral attack waiver are as follows:   1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty pleas.

## V.    ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty pleas and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the information in this case and the defendant's admissions set forth in Section II C.   Provided, however, if the defendant's guilty pleas are rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's sentence is vacated, reversed, set aside, or

modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Randall Goza, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my pleas. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty pleas.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone,

including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my pleas. I enter into this agreement knowingly and

voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty pleas. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 2 of the Information.

DATED: 12-9-15

RANDALL GOZA
Defendant

As counsel for the defendant, I have discussed with the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a misdemeanor. Based on these discussions, I

have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 12/09/15.

_____
KEVIN FITZGERALD
Attorney for Randall Goza

On behalf of the United States, the following accept Randall Goza's offer to plead guilty under the terms of this plea agreement.

DATED: 12/15/15

_____
STEVEN E. SKROCKI
United States of America
Assistant U.S. Attorney

DATED: 12/16/15

_____
KAREN L. LOEFFLER
United States of America
United States Attorney